**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**EDWARD JENKINS, 00-B-2373,**

                    **Petitioner,**

        **-v-**                                          **03-CV-0777(Sr)**

**THOMAS POOLE,**

                      **Respondent.**

---

**DECISION AND ORDER**

On or about October 17, 2003, petitioner filed a *pro se* action seeking relief pursuant to 28 U.S.C. § 2254.  Dkt. #1.  Pursuant to 28 U.S.C. § 636(c), the parties consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment.  Dkt. #11.  Mail sent to petitioner on June 7, 2007 was returned to the Court on June 18, 2007 with the notation that petitioner was paroled on August 6, 2006.  Dkt. #12.  Accordingly, this Court issued an Order on September 19, 2007, directing petitioner to provide the Court with an address where papers may be served by October 15, 2007 or the case would be dismissed with prejudice.  *Id*.  Petitioner failed to comply with this Court's September 19, 2007 Order and by Order dated October 18, 2007, the case was dismissed with prejudice.  Dkt. #13.  The Clerk of Court entered Judgment in favor of respondent on October 19, 2007.  Dkt. #14.  Thereafter, copies of this Court's October 18, 2007 Order (Dkt. #13) dismissing the case and the Judgment (Dkt. #14) sent to petitioner were returned as undeliverable.

On or about April 23, 2008, petitioner filed a letter/motion directed to the Clerk of Court requesting that the petition be reinstated. Dkt. #15. Petitioner's letter/motion seeking reinstatement of the petition states in pertinent part,

> On 3/25/27 [sic] Petitioner call [sic] the Western District Court in reguards [sic] to find out the status of Petitioner Habeas Corpus which was inter [sic] into the Courts on 10/17/03. The Petitioner was told that case #03-CV-0777Sr was terminated and dismissed on 10/19/2007 due to the fact [sic] "it was said that the Petitioner did not provide the Court with an address on the day of release or when the Petitioner was paroled." '<u>WHICH IS NOT TRUE</u>' The Petitioner INDEED informed the Courts [sic] immediately by phone as soon as Petitioner was released on parole [sic] provided the Courts [sic] with new address which its [sic] not Petitioners [sic] fault that the Courts [sic] Clerk did not use professional knowledge to write down Petitioner [sic] new address into [sic] file.

Dkt. #15, pp.1-2 (emphasis in original).

In addition to the foregoing, petitioner argues that his petition should be reinstated because: (1) at the time of its dismissal the petition had been pending for four years and the basis for dismissal was "very unjust;" (2) on February 13, 2004, petitioner had requested that the Court appoint counsel to represent him, which request, petitioner argues, was improperly denied; (3) the Court could have determined where petitioner was paroled to by contacting the penitentiary; and, (4) "[t]he Petitioner will [sic] also like to put on the record that its [sic] very important to reopen case on other grounds which Petitioner co-defended [sic] case and indictment has been dismissed for late indictment which Petitioner and co-defender [sic] had same case, same indictment number same court dates ect [sic] ... the Petitioner truly pray [sic] that the Court finds it important to reopen Petitioner [sic] case with the knowledge of knowing it was a late indictment involed [sic[ in Petitioners [sic] case." Dkt. #15, p.5.

-3-

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding for the following six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  In the instant case, petitioner's April 23, 2008 letter/motion seeking reinstatement of the petition states that he did in fact notify the Court and/or the Clerk of Court of his address upon his release from custody.  Dkt. #15.  Assuming for purposes of deciding the instant motion that petitioner did, in fact, notify the Court and/or Clerk of Court of his new address and that information was not properly recorded in the file, this Court finds that there is a meritorious basis to afford petitioner the relief he seeks pursuant to either Fed.R.Civ.P. 60(b)(1) or 60(b)(6).  Accordingly, the petition is hereby reinstated.

Petitioner's letter motion to reinstate the petition complaint (Dkt. #15) is granted. The Clerk of Court is hereby directed to re-open the file bearing Case No. 03-CV-0777 and to provide notice of such re-opening to petitioner and counsel for the respondent.

**SO ORDERED**.

Dated:   Buffalo, New York
         March 26, 2009

                                                  **s/ H. Kenneth Schroeder, Jr.**
                                                  **H. KENNETH SCHROEDER, JR.**
                                                  **United States Magistrate Judge**