**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**EDWARD JENKINS, 00-B-2373,**

                            **Petitioner,**

                   **-v-**                                                                   **03-CV-0777(Sr)**

**THOMAS POOLE,**

                              **Respondent.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings, including entry of judgment, with respect to this petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Dkt. #11.

Petitioner, proceeding *pro se*, challenges his conviction following a jury trial before the Hon. Mario J. Rossetti, J.S.C., on the charge of criminal possession of a controlled substance in the second degree in violation of section 220.18(1)[1] of New York's Penal Law on the grounds that he was denied a speedy trial pursuant to section 30.30[2] of New York's Criminal Procedure Law and the United States Constitution and that the evidence was insufficient to support his conviction. Dkt. #1. For the following reasons, the petition is denied.

---

[1] "A person is guilty of criminal possession of a controlled substance in the second degree when he or she knowingly and unlawfully possesses: (1) one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of four ounces or more." N.Y. Penal Law § 220.18(1).

[2] A motion to dismiss an indictment "must be granted where the people are not ready for trial within . . . six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony." N.Y. Criminal Procedure Law § 30.30(1)(a).

## BACKGROUND

An accusatory instrument was filed in Buffalo City Court against petitioner and his girlfriend, Kelly Nati, on June 1, 1999, following the execution of a search warrant and discovery of 4.57 ounces of powder containing cocaine, a scale and $3,677.00 at 72 East Depew Street in the City of Buffalo. Petitioner was arrested on June 10, 1999 and arraigned on June 11, 1999.

On November 19, 1999, the district attorney and counsel for petitioner appeared before the Hon. Sheila DiTullio, Erie County Court Judge, for a bail application. Petitioner was not present. Judge DiTullio released petitioner on $5,000 bail and counsel for petitioner stated, "I would have no objection or hesitancy in waiving the speedy trial time clock for ninety days from today."

Petitioner was indicted on one count of criminal possession of a controlled substance in the second degree on December 30, 1999. At petitioner's arraignment on January 7, 2000, the People declared their readiness for trial.

Counsel for petitioner moved to dismiss the indictment pursuant to section 30.30(1) of New York's Criminal Procedure Law, alleging that the People's statutory period of 184 days to announce readiness expired on December 2, 1999. The People responded that counsel for defendant waived 90 days of additional time with respect to the speedy trial statute on November 19, 1999, noting that counsel can waive time pursuant to the speedy trial statute in the absence of his client and that the People

delayed presentation of the case to the grand jury at the request of petitioner's counsel so that the parties could negotiate a possible plea, but that petitioner reneged upon his promise of cooperation. By Decision and Order entered July 25, 2000, Justice Rosetti determined that counsel's waiver of 90 days under the speedy trial statute was valid and that the People's declaration of readiness was timely.

Trial commenced on July 31, 2000. The testimony at trial established that petitioner arrived at Brian Watkins home at approximately 5:00 p.m. on June 1, 1999, and Mr. Watkins gave petitioner approximately five ounces of cocaine on credit with the expectation that petitioner would pay Mr. Watkins "as soon as he moved it." T.[3] 44, 124 & 137-138. Mr. Watkins testified that he had known petitioner since 1996 and knew that he lived at 72 East Depew Street in the City of Buffalo with his girlfriend, Kelly Nati. T. 119. Mr. Watkins' girlfriend, Liza Constantino, also testified that petitioner lived at 72 East Depew Street with his girlfriend, Kelly Nati. T. 41 & 56.

At approximately 7:00 p.m. on June 1, 1999, Buffalo Police executed a search warrant at 72 East Depew Street and discovered a box containing 4.57 ounces of powder containing cocaine, a scale and $3,677.00 underneath the night stand in the bedroom. T. 57-58, 60-61, 65, 88 & 92. Petitioner was not present at the time of the search but police officers observed mail addressed to petitioner at 72 East Depew, as well as mail addressed to petitioner's girlfriend as both Kelly Nati and Kelly Jenkins at

---

[3] "T." references the one volume trial transcript of proceedings conducted on July 31, 2000 and August 1-3, 2000.

-3-

72 East Depew. T. 63, 68-69. Police officers also observed men and women's clothing in the bedroom closet. T. 59 & 103. Kelly Nati was present during the search. T. 58.

Petitioner spoke to Mr. Watkins and Ms. Constantino after the search and informed them that he was making a delivery when the police arrived. T. 43 & 122. When petitioner was arrested on June 10, 1999, he provided police with an address of 72 East Depew Street. T. 69-70 & 73. Although not identified to the jury as such, petitioner's parole officer also testified that petitioner resided at 72 East Depew Street with his girlfriend, Kelly Nati. T. 157-158.

On September 29, 2000, petitioner was sentenced as a second felony offender to a minimum term of imprisonment of ten years and a maximum term of life imprisonment.

On appeal, petitioner argued, *inter alia*, that the trial court erred in failing to grant petitioner's motion to dismiss the indictment pursuant to section 30.30 of New York's Criminal Procedure Law and that the conviction was against the weight of the evidence. The New York State Supreme Court, Appellate Division, Fourth Department, concluded that:

> Pursuant to his authority, defense counsel made an express and unequivocal waiver of defendant's statutory right to a speedy trial, in particular, to the inclusion of a specified 90-day period. In any event, ""[i]n computing the time within which the people must be ready for trial * * *, the following periods must be excluded: * * * the period of delay resulting

> from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (30.30(5)(b)). Here, the record establishes that what was contemplated by the court and attorneys was a continuance of proceedings for up to 90 days, beyond the date by which the People otherwise would have been obligated to declare their readiness on the record, in order to allow defendant to cooperate with authorities in their investigation and to pursue a favorable plea bargain based on such cooperation. A period of delay resulting from ongoing plea negotiations is excludable for the purpose of determining whether defendant has been deprived of the right to a speedy trial, provided that, as here, defendant or defense counsel requested or consented to such delay.

*People v. Jenkins*, 302 A.D.2d 978 (4th Dep't 2003) (internal citations omitted). Petitioner sought leave to appeal two issues to the New York Court of Appeals: (1) whether the trial court erred in failing to grant petitioner's motion for dismissal of the indictment pursuant to section 30.30 of New York's Criminal Procedure Law; and (2) whether the conviction was based on sufficient evidence. The New York Court of Appeals denied leave to appeal. *People v. Jenkins*, 100 N.Y.2d 562 (2003).

## DISCUSSION AND ANALYSIS

**Exhaustion & Procedural Default**

Before a federal court can address the merits of any federal issue contained in a petition for a writ of *habeas corpus*, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 843-44 (1999). "Exhaustion of state remedies requires presentation of the claim to the highest state court from which a decision can be obtained." *Hogan v. Ward,* 998 F. Supp. 290, 293 (W.D.N.Y. 1998), *citing Daye v. Attorney General of the State of New York,* 696 F.2d 186, 190 n.3 (2d Cir. 1982); *see*

-5-

*O'Sullivan*, 526 U.S. at 839-40 ("a state prisoner must present his claims to a state supreme [i.e., highest] court in a petition for discretionary review in order to satisfy the exhaustion requirement.").

The same concerns that bar federal *habeas* review of unexhausted claims also bar federal *habeas* review of claims that have been procedurally defaulted in state court. See *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

Where a state prisoner has failed to exhaust or has procedurally defaulted a claim by failing to raise it on direct review before the state court, federal *habeas* review is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The scope of this exception is very limited and the burden of proof very heavy. *Spence v. Superintendent, Great Meadow Corr. Fac.,* 219 F.3d 162, 171-72 (2d Cir. 2000), *citing Sawyer v. Whitley*, 505 U.S. 333, 336 (1992); *see also, Calderon v. Thompson*, 523 U.S. 538, 559-60 (1998) (the general standard requires that the petitioner establish actual innocence by clear and convincing evidence).

**AEDPA Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), where a state court has adjudicated the merits of a petitioner's claim, relief may not be granted unless the state court's adjudication:

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The amended standard of § 2254(d)(1) requires the federal court to give considerably more deference to the state court's legal determinations than did the pre-AEDPA standard. *Marcelin v. Garvin*, No. 97 CIV 2296, 1999 WL 977221, at *6 (S.D.N.Y. Oct. 26, 1999); *Tascarella v. Reynolds*, No. 97 CV 111, 1998 WL 912010, at *1-2 (W.D.N.Y. Dec. 30, 1998). As stated by the United States Supreme Court:

> § 2254(d)(1) places a new constraint on the power of a federal *habeas* court to grant a state prisoner's application for a writ of *habeas corpus* with respect to claims adjudicated on the merits in state court. . . . Under the "contrary to" clause, a federal *habeas* court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J.); *see Sacco v. Cooksey*, 214 F.3d 270, 273 (2d Cir. 2000), *cert. denied*, 531 U.S. 1156 (2001). Thus, a federal court may only grant *habeas* relief where the state court's application of clearly established federal law was not only erroneous, but objectively unreasonable. *Williams*, 529 U.S. at 409; *see Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004) ("We cannot grant relief under AEDPA by conducting our own independent inquiry into whether the state court was correct as a *de novo* matter.").

**Statutory Speedy Trial Claim**

"It is well established that a federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002). However, section 30.30 of New York's Criminal Procedure Law "is not a speedy trial statute in the constitutional sense," but "addresses only the problem of prosecutorial readiness." *People v. Anderson*, 66 N.Y.2d 529, 535 (1985). As petitioner's claimed violation of New York's statutory speedy trial provision does not raise a federal constitutional claim upon which federal *habeas corpus* may be granted, it must be dismissed. *See Rodriguez v. Superintendent, Collins Corr. Facility*, 549 F. Supp.2d 226, 236-37 (N.D.N.Y. 2008); *Smith v. Maher*, 468 F. Supp.2d 466, 470-71 (W.D.N.Y. 2006).

**Sixth Amendment Speedy Trial Claim**

Although the petition claims that the violation of the statutory speedy trial claim deprived him of his constitutional right to a speedy trial, petitioner never presented a Sixth Amendment claim to the state courts on direct appeal to the Appellate Division or to the New York Court of Appeals in his request for leave to appeal. Petitioner's speedy trial arguments were grounded in state law rather than federal constitutional rights.

> A New York § 30.30 statutory claim is distinct from a Sixth Amendment speedy trial claim. Therefore, a petitioner who raises only a statutory speedy trial claim pursuant to C.P.L. § 30.30 has not invoked the federal constitution and therefore has not "fairly presented" the claim so as to fulfill the exhaustion requirement.

*Walker v. Bennett*, 262 F. Supp.2d 25, 30 (W.D.N.Y. 2003) (internal citations omitted). As petitioner could have, but did not, raise this issue on direct appeal, this claim is procedurally defaulted. *Id.* As petitioner has not demonstrated cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent, this Court is precluded from considering the merits of petitioner's constitutional speedy trial claim.

**Sufficiency of the Evidence**

Although the petition claims that the evidence was insufficient to support the conviction, this claim was not raised before the Appellate Division. Instead,

petitioner argued to the Appellate Division that the verdict was against the weight of the evidence.[4]  Challenges to the legal sufficiency of evidence are analytically distinct from challenges to the weight of the evidence.  *See People v. Bleakley*, 69 N.Y.2d 490, 495 (1987).  While the Appellate Division can undertake a review of both claims, the Court of Appeals is limited to reviewing the legal sufficiency of the evidence presented.  *Id.*

It was not until petitioner sought leave to appeal to the Court of Appeals that he raised the claim that the evidence was insufficient.  However, "[p]resenting a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it."  *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000), *cert. denied*, 532 U.S. 943 (2001).  As the Court of Appeals denied leave, petitioner's challenge to the sufficiency of the evidence is unexhausted.  Because the claim could have been raised on direct appeal, however, it is procedurally barred.  *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991).  As petitioner has not demonstrated cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent, this Court is precluded from considering the merits of petitioner's sufficiency of the evidence claim.

---

[4] Weight of the evidence review is a statutory creation afforded pursuant to New York Criminal Procedure Law § 470.15(5), and does not present a cognizable federal claim upon *habeas corpus* review. *See Brown v. Fischer*, 2004 WL 1171277, at *6 (S.D.N.Y. May 27, 2004) (collecting cases); *Peralta v. Bintz*, 2001 WL 800071, at *5 (S.D.N.Y. July 16,2001) ("*Habeas corpus* review is not available where there is simply an error of state law.").

## **CONCLUSION**

Based on the foregoing, the petition for writ of *habeas corpus* is **DENIED**. The Clerk of the Court is directed to enter judgment in favor of respondent.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision and order may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court also finds that the petition presents no question of substance for appellate review, and that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed.R.App.P. 22(b). Accordingly, a certificate of appealability will not issue.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**May 14 , 2010**

　　　　　　　　　　　　　　　　　　　　 s/ H. Keneneth Schroeder, Jr.
　　　　　　　　　　　　　　　　　　　　**H. KENNETH SCHROEDER, JR.**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**